IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARMAINE PRATER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| HEALTH DISTRICTS, *et al.*, | : | NO. 16-1976 |
| Defendants. | | |

**MEMORANDUM**

SÁNCHEZ, J.  OCTOBER 13, 2017

On April 22, 2016, Plaintiff Charmaine Prater, a frequent litigant in this Court, filed this civil action against the City of Philadelphia Health Districts, Darnell, Wilkerson, Robin Doe, Rita Eburuoh, Dr. Thomas Storey, Jane Doe Holloway, Dr. Jane Doe, John Doe, and Debra G. Speyer. Plaintiff named her mother, Ella Prater, as a co-plaintiff. In the complaint, plaintiff raised claims of "[d]efamation of character, slander, libel, conversion, V amendment violations, abuse of authority, retaliation, disability discrimination and stigmas associated with Ella Massard Prater mental health and physical health con[d]itions, negligence et al, extortion, RICO, slander." (ECF No. 1-1 at 1.) Plaintiff alleged that the named defendants had denied Ella Prater proper medical care and that they falsely accused plaintiff of fraud and identity theft. (*Id.* at 2.) By Order entered on April 28, 2016, the Court directed the Clerk of Court to close this case statistically because plaintiff had failed to either pay the $350.00 filing fee and $50.00 administrative fee or file a motion to proceed *in forma pauperis*. (ECF No. 2.)

On May 4, 2016, the Court received a motion to reinstate and a motion to proceed *in forma pauperis* from plaintiff. (ECF Nos. 3, 4.) By Order entered on May 13, 2016, the Court granted plaintiff's motion to proceed *in forma pauperis*. (ECF No. 5 at 1.) The Court also

1

dismissed co-plaintiff Ella Prater because she had failed to sign the complaint and to either pay the $350.00 filing fee and $50.00 administrative fee or file an individual motion to proceed *in forma pauperis*. (*Id.*)[1] The Court also provided plaintiff leave to file an amended complaint within thirty (30) days. (*Id.* at 2.) The Court advised plaintiff that her amended complaint should state: "(1) the specific statutory basis for federal court jurisdiction over this case; (2) the specific events which serve as the basis for her claims, and the dates on which these events took place; (3) how each of the defendants, named in the caption of her complaint, is involved in her claims; and (4) the harm she suffered, if any, from each violation." (*Id.*) The Court indicated that the case would remain closed for statistical purposes. (*Id.*)

Plaintiff did not file an amended complaint within thirty (30) days. Instead, plaintiff unsuccessfully attempted to remove cases involving her incapacitated mother from the Philadelphia Orphans Court on her mother's behalf. *See generally City of Philadelphia Revenue Dep't*, Action No. 16-6689 (E.D. Pa.); *Philadelphia Corp. of the Aging*, Action No. 17-4304 (E.D. Pa.); *Phila. Housing Auth. v. Prater*, Action No. 17-4312 (E.D. Pa.). Having met with no success in those cases in this Court, plaintiff has filed a motion to open and reinstate case to proceed (ECF No. 6), and a praecipe (ECF No. 7). The Court will grant plaintiff's motion to reopen, and will construe her motion to reopen and praecipe as her amended complaint. However, for the reasons set forth below, the court will dismiss the amended complaint.

In the amended complaint, plaintiff contends that defendant Debra Spayer has abused her position by extorting money from Ella Prater. (ECF No. 6 at 1.) She also seeks to add the Philadelphia Orphan's Court, the Philadelphia Corporation for the Aging, David Naggle, and the Pennsylvania Elder Protection Department as defendants. Plaintiff, however, fails to allege how

---

[1] The Court further noted that plaintiff could not proceed *pro se* on her mother's behalf, even if she was her mother's guardian.

these individuals and entities personally violated her rights. Moreover, plaintiff primarily raises claims based on alleged injuries sustained by her mother, Ella Prater. As the Court has previously informed plaintiff, she, as a non-attorney, may not appear *pro se* on behalf of her mother, who is the true party at interest in this matter, even if plaintiff does serve as her mother's guardian. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed pro se on behalf of his children in federal court); *see also Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court."); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (per curiam) ("Under our holding in *Osei-Afriyie v. Medical College of Pa.,* 937 F.2d 876, 882-83 (3d Cir.1991), a guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer."). To the extent plaintiff is raising claims based on injuries she alleges that she sustained as a result of the defendants' conduct, plaintiff has not alleged how the Court has jurisdiction over those claims, as all parties are citizens of Pennsylvania and there is no federal question apparent from plaintiff's amended complaint.

For the foregoing reasons, the Court will dismiss plaintiff's amended complaint. After review of plaintiff's initial complaint and the amended complaint in this action and her filings in other actions, the Court concludes that further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). Plaintiff remains free to raise her arguments in her matters pending in state court. An appropriate order follows, which shall be docketed separately.

3